COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ENRIQUE VILLANUEVA,                                  )

                                                                              )              
No.  08-03-00304-CR

Appellant,                          )

                                                                              )                   Appeal from the

v.                                                                           )

                                                                              )          
34th Impact District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of El Paso County, Texas

Appellee.                           )

                                                                              )              
(TC# 20030D00189)

                                                                              )

 

 

O
P I N I O N

 

This is an appeal
from a jury conviction for delivery of 400 grams or more of cocaine.  The trial court sentenced Appellant Enrique
Villanueva to 15 years=
in prison.  Appellant raises two
issues:  that the evidence is legally and
factually insufficient to support the conviction.  We affirm.








The facts of this
case are simple and involve a narcotic sting arrest.  Detective Johnny Paniagua of the El Paso
County Sheriff=s
Department was assigned to the El Paso Metro Narcotics Task Force working
undercover when he was told by a confidential informant about  two men who wanted to sell ten kilos of
cocaine.  Detective Paniagua told the
informant to have the two men call him. 
The detective received a phone call from the men, and over the course of
a number of phone calls, he agreed to buy ten kilos of cocaine.  He told the jury that he talked with both
men, and on direct examination, he stated that it was Appellant who gave him
instructions on where they would meet to complete the deal.  The detective also testified that it was the
Appellant who told him at some point, not clear from the record, that they only
had five kilos of cocaine to sell that day. 
On cross-examination, the detective conceded that his arrest report only
reported telephone conversations with the Appellant=s
codefendant, Jesus Garcia.

It was agreed that
the buy would take place in the Bassett Shopping Center parking lot, near the
Big 8 grocery store.  The detective was
told that the two men would be waiting in a parked green Chevette sedan with
Mexican license plates.  When the
detective arrived, the green sedan was parked with the front hood open and
Appellant was standing in front of the engine compartment.  Garcia was seated inside the car.  The detective parked his car next to the
green Chevette, got out, and went up to the Appellant.  The detective testified that the Appellant
told him:  AThe
cocaine is in the back.@  The detective then walked over to the
passenger side of the car where Garcia was seated.  Garcia reached into the back seat and pulled
out a gray plastic bag that contained five kilos of cocaine.  Garcia handed it to Detective Paniagua who
opened the bag to make sure that it was cocaine.  Then the detective walked towards his car,
and as he passed, asked the Appellant if they wanted to count the money there
or go some where else.  The Appellant,
according to the detective, told him that they would count the money there, and
walked alongside the officer.  When they
reached the rear end of the detective=s
car, the detective opened the tail gate and displayed a Christmas shopping bag
with money.  As the detective put the bag
of cocaine into the car, he gave a signal for other officers to converge and
arrest Appellant and Garcia.  On
cross-examination, the detective testified that he did not remember if he had
recorded the fact that the Appellant Awent
with me to get the money@
in his arrest report.  








The Appellant
raises two issues, legal and factual sufficiency of the evidence, but he only
prays for an acquittal.  Nevertheless, we
address both issues.

Standards
of Review

In reviewing the
legal sufficiency of the evidence, we must view the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Hernandez v.
State, 946 S.W.2d 108, 

110-11 (Tex.App.--El Paso 1997, no
pet.).  We do not resolve any conflict of
fact, weigh any evidence, or evaluate the credibility of any witnesses, as this
was the function of the trier of fact.  See
Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); Matson v.
State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).  Instead, our duty is to determine whether if
both the explicit and implicit findings of the trier of fact are rational by
viewing all the evidence admitted at trial in the light most favorable to the
verdict.  See Adelman, 828 S.W.2d
at 421-22.  In so doing, any inconsistencies
in the evidence are resolved in favor of the verdict.  Matson, 819 S.W.2d at 843.








In reviewing the
factual sufficiency of the evidence, we must determine whether considering all
the evidence in a neutral light, the jury was rationally justified in finding
guilt beyond a reasonable doubt.  Zuniga
v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004); see also Clewis v.
State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996).  There are two ways in which we may find the
evidence to be factually insufficient.  Zuniga,
144 S.W.3d at 484.  Evidence is factually
insufficient when the evidence supporting the verdict, considered alone, is too
weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Evidence is also insufficient when contrary evidence is so strong that
the beyond‑a‑reasonable doubt standard could not have been
met.  Zuniga, 144 S.W.3d at
484-85.  Although we are authorized to
set aside the jury=s
determination, we must give appropriate deference to its determination and
should not intrude upon the jury=s
role as the sole judge of the weight and credibility given to evidence
presented at trial.  See Johnson v.
State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); Clewis, 922 S.W.2d at
133. Accordingly, we are authorized to set aside the jury=s finding of facts only in instances
where it is manifestly unjust, shocks the conscience, or clearly demonstrates
bias.  Clewis, 922 S.W.3d at
135.  If the evidence is factually
insufficient, then we must reverse the judgment and remand for a new
trial.  Id.








The Appellant
concedes that the law of parties is applicable to the charged offense of
delivery of cocaine.  The crux of his
argument is that there is no or insufficient evidence to prove that he was a
party to the offense.  He suggests that
because some of Detective Paniagua=s
testimony at trial was inconsistent with what the officer recorded in his
arrest report it should be discounted, leaving only Appellant=s statement, Athe
cocaine is in the back@
as evidence to support the verdict.  He
ignores, however, the standard of review for legal sufficiency and we find that
statement alone is legally sufficient when viewed in the light most favorable
to the verdict and a rational trier of fact could conclude that Appellant aided
in the delivery of cocaine by Garcia to Detective Paniagua.  Moreover, we do not find the detective=s testimony at trial to be either
inconsistent or contrary to what he recorded in his arrest report;
consequently, there is overwhelming evidence that Appellant was involved in the
illicit transaction and aided in the actual transfer.  Considering all of the evidence in the record
in a neutral light, there is simply no merit to the argument that the evidence
is so weak as to be clearly wrong and manifestly unjust. The evidence
supporting the verdict is not too weak to support the jury=s finding of guilt beyond a reasonable
doubt.  The jury was rationally justified
in finding guilt beyond a reasonable doubt. 
Therefore, we conclude the evidence is both legally and factually
sufficient to sustain the conviction.

The judgment of
the trial court is affirmed.

 

 

November
18, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)